## Parmley Unemployment Compensation Case.

### Parmley, Appellant, *v.* Unemployment Compensation Board of Review.

Submitted March 8, 1948. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*Harry M. Parmley,* in propria persona.

*Roland M. Morgan, William L. Hammond,* Special Deputy Attorney General, and *T. McKeen Chidsey,* Attorney General, for appellee.

OPINION BY RHODES, P. J., April 13, 1948:

This is an appeal by claimant from the decision of the Unemployment Compensation Board of Review disallowing unemployment benefits. The bureau and the referee previously disallowed the claim.

Claimant formerly resided in Pennsylvania but moved to Ithaca, New York, in January, 1946, where he was last employed. He filed his application for benefits on February 3, 1947, against the Commonwealth of Pennsylvania. It follows that his base year consisted of the fourth quarter of 1945 and the first, second, and third quarters of 1946. See Unemployment Compensation Law, December 5, 1936, P. L. (1937) 2897, § 4 (a), (b), as amended by the Act of May 29, 1945, P. L. 1145, § 1, 43 PS § 753 (a), (b).

Compensation was disallowed as claimant failed to establish eligibility for unemployment compensation benefits as required by section 401 (a) of the Unemployment Compensation Law, as amended by the Act of May 29, 1945, P. L. 1145, § 8, 43 PS § 801 (a). This section provides that a claimant to be eligible must have been paid wages for employment within his base year equal to not less than thirty times his weekly benefit rate. His wages must have been for "employment" during his base year. "Services performed without this Commonwealth shall not be included within the term 'Employment' if contributions are required and paid with respect to such services under an unemployment compensation law of any other state." Section 4 of the Act of December 5, 1936, P. L. (1937) 2897, as amended by the Act of May 29, 1945, P. L. 1145, § 1 [§ 4 (*1*), (2) (B)], 43 PS

§ 753 (*1*), (2) (B). Claimant first sought unemployment compensation based on his total earnings in Pennsylvania during the calendar year 1945. He subsequently modified his claim, and now states: "It is for benefits of the last quarter of 1945 that I am contending."

During the last quarter of 1945, claimant earned in the Commonwealth of Pennsylvania the sum of $250 for localized services. This amount, of course, is insufficient to establish eligibility for a claim against this State. When claimant appealed from the order of the referee he incorporated in his petition a statement of additional facts showing that he earned a total of $1,360.50 in the State of New York during the second and third quarters of 1946. Claimant's services during the first, second, and third quarters of 1946 were not in Pennsylvania employment. His New York employer obviously was subject to and paid contributions according to the provisions of the Unemployment Compensation Law of that State, as he concedes that he received benefits from the State of New York on his earnings during the year 1946. See Section 402 (c) of the Unemployment Compensation Law, as amended by the Act of May 29, 1945, P. L. 1145, § 9, 43 PS § 802 (c). Such services performed by him were localized in the State of New York.

It appears that claimant was invited to file a combined-wage report pursuant to the rules of procedure [1] under the Interstate Benefit Payment Plan,[2] and that he expressly declined to do so for the reason that he did not wish to complicate matters by involving New York in his claim against Pennsylvania. Claimant could have become a combined-wage claimant, but he pre-

---

[1] See 1 Unemployment Insurance Reporter, paragraphs 2050—2050.03, Commerce Clearing House, Inc.

[2] See section 312 of the Unemployment Compensation Law, as added by the Act of April 23, 1942, P. L. 60, § 4, and amended by the Act of May 29, 1945, P. L. 1145, § 7, 43 PS § 792, authorizing entry into reciprocal arrangements with authorized agencies of other states and of the Federal government.

ferred to file a separate claim in the State of New York and a separate claim in the Commonwealth of Pennsylvania. Since his earnings of $250 in covered Pennsylvania employment did not meet the eligibility qualifications of section 401 (a), 43 PS §801 (a), claimant is not entitled to unemployment compensation benefits under the Pennsylvania Unemployment Compensation Law. See section 404 of the Unemployment Compensation Law, as amended by the Act of May 29, 1945, P. L. 1145, § 10, 43 PS § 804.

Decision of the board is affirmed.